IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| ROSEANNE AMARI,<br>　　Plaintiff, | Civil Action No. 5:20-cv-00050 |
| v. | MEMORANDUM OPINION & ORDER |
| PHILLIP S. GRIFFIN, II, et al.,<br>　　Defendants. | By:　Joel C. Hoppe<br>　　　United States Magistrate Judge |

　　This matter is before the Court on Defendants' Motion for Joinder. ECF No. 23. This is a legal malpractice action. Plaintiff is suing her attorney, Phillip S. Griffin, II, Esq. ("Griffin"), and his law firm, over their representation of her in a divorce action. *See generally* Compl., ECF No. 1. Before she was represented by Defendants, Plaintiff Roseanne Amari ("Plaintiff") was represented for "about two years" by a different attorney, Bradley Pollack, Esq. ("Pollack"), in the same divorce suit. Defs.' Mot. for Joinder 1, 4.. Thus, Defendants argue that Plaintiff should have named Pollack as a defendant in this action, and they ask the Court to involuntarily join him pursuant to Rule 19(a) of the Federal Rules of Civil Procedure. *Id.* at 3. The motion has been fully briefed and argued, *see* ECF Nos. 23, 28, 30, and is ripe for review. For the reasons stated below, Defendants' motion is DENIED.

I. Factual Background

　　Plaintiff alleges that in the mid-1990s, she opened a pizza restaurant named "Anthony's Pizza III" with members of her former husband, Giuseppe Amari's ("Giuseppe"), family. Compl. ¶¶ 12, 14–17. She claims that over a period of several years, Giuseppe engaged in various types of misconduct. Among other things, she alleges that he fraudulently transferred the restaurant out of her name, concealed assets from her, used aliases on documents, conducted business through

1

shell corporations, and had a secret mistress—a waitress from the restaurant—whom he supported financially with "large sums [of money] from the pizza business." *Id.* ¶¶ 18–22, 24.

In 2014, Plaintiff sued Giuseppe for divorce in the Circuit Court of Fredrick County, Virginia. *See* Defs.' Mot. for Joinder 4; Compl. ¶ 10. At first, Plaintiff retained Pollack as counsel. Defs.' Mot. for Joinder 4; *see also* Compl. ¶ 27 n.11. Beginning in January 2016, Plaintiff "hired Defendants to take over her representation in the Divorce Action." Compl. ¶ 27. Plaintiff settled her divorce case in June 2016, while represented by Defendants. *Id.* ¶ 50. She now raises legal malpractice and gross negligence claims against them. *Id.* ¶¶ 52–62. Among other things, she claims that they breached their duties to her by failing to conduct necessary discovery, engage experts, and investigate the full nature and extent of Giuseppe's assets. *See, e.g., id.* ¶¶ 31–39, 49, 54. She also alleges that Griffin had concurrent conflicts of interest and that he "strong-armed [her] into taking a settlement that she strongly opposed." *Id.* ¶¶ 48–50. Thus, "[b]ut for Defendants' malpractice and negligence," Plaintiff claims that she "would have prevailed in the underlying case on her claims of equitable distribution, spousal support, and on her viable tort claims against Giuseppe." *Id.* ¶ 56. Plaintiff has not named Pollack as a defendant in this action. *See generally* Compl.; Defs.' Reply in Supp. of Mot. for Joinder ¶ 3, ECF No. 30.

Defendants now move to join Pollack as a necessary party to this action under Rule 19(a). They argue that Plaintiff "should have joined Mr. Pollack as a party defendant" because "most, if not all of the 'failures'" she attributes to Defendants occurred while she was represented by Pollack. Defs.' Mot. for Joinder 3; *see also* Defs.' Reply in Supp. of Mot. for Joinder ¶¶ 4–5. Defendants point the finger at Pollack, suggesting that Plaintiff should have sued him instead of them. Defs.' Mot. for Joinder 3–4 (explaining that Pollack filed the original divorce complaint in 2014, represented Plaintiff in that action "for about two years," and could have conducted

2

discovery and retained experts, which Plaintiff claims was not done, during that time). Moreover, Defendants seek to absolve themselves of responsibility for the errors Plaintiff alleges in her Complaint. They explain that discovery in the divorce action ended on the same day that Defendants began representing Plaintiff. Defs.' Reply in Supp. of Mot. for Joinder ¶¶ 15–17. Thus, they argue that discovery was closed by the time they entered the case and that any discovery failures must be attributed to Pollack. *Id.* ¶¶ 13–14.

## II. The Legal Framework

"When adjudicating a motion under Federal Rule of Civil Procedure 19, a district court asks first whether the nonjoined party is necessary under Rule 19(a) and then whether the party is indispensable under Rule 19(b)." *Gunvor SA v. Kayablian*, 948 F.3d 214, 218 (4th Cir. 2020). A party is "necessary" under Rule 19(a) if, "in [its] absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Alternatively, a party is "necessary" if it "claims an interest relating to the subject of the action and is so situated that disposing of the action" in its absence may "impair or impede" its ability to protect that interest or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(i)–(ii). A "necessary" party "must" be joined if it is subject to service of process and if its joinder will not deprive the court of subject-matter jurisdiction. Fed. R. Civ. P. 19(a)(1). If a party is "necessary" but joinder would destroy subject-matter jurisdiction, however, the court must consider whether the party is "indispensable" under Rule 19(b). *Gunvor SA*, 948 F.3d at 218–19; *see* Fed. R. Civ. P. 19(b). On a motion for joinder, the moving party bears the burden of showing that the absent non-party is "necessary" under Rule 19(a). *Sunbelt Rentals Inc. v. Guzman*, No. 5:20cv70, 2020 WL

3

5522997, at *2 (W.D.N.C. Aug. 27, 2020) (citing *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005)).

III. Discussion

Defendants claim that Pollack should be joined as a necessary party to this action pursuant to Rule 19(a)(1). They assert that Pollock's joinder would not deprive the Court of subject-matter jurisdiction[1] and that the Court "cannot accord complete relief among [the] existing parties," Fed. R. Civ. P. 19(a)(1)(A), in his absence. *See* Defs.' Mot. for Joinder 2–4; Defs.' Reply in Supp. of Mot. for Joinder ¶ 47 (arguing that "if [Plaintiff's] principal charge is a failure to conduct discovery and identify experts," the Court "[p]lainly" cannot accord complete relief among the existing parties without joining Pollack).[2] Plaintiff opposes Defendants' motion. She contends that Pollack should not be joined under Rule 19(a)(1)(A) because the Court can accord complete relief among the existing parties. *See* Pl.'s Opp'n to Defs.' Mot. for Joinder 2

---

[1] Notably, Defendants fail to properly show that Pollack's joinder would not deprive the Court of subject-matter jurisdiction. For a federal court to have diversity jurisdiction, there must be complete diversity of citizenship of the adverse parties and the amount in controversy must exceed $75,000. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); 28 U.S.C. § 1332. An individual is a citizen of the state in which he is domiciled, *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 195 (4th Cir. 2017), not necessarily where he resides, *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). *See Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 663 (4th Cir. 1998) ("[S]tate citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile . . . and the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone."). Here, Defendants have failed to show that Pollack's joinder would not impair subject-matter jurisdiction because they have alleged Pollack's and the other parties' states of residence rather than their states of citizenship. *See* Defs.' Mot. for Joinder 2–3.

[2] Defendants also argue that Pollack should be joined pursuant to Rule 19(a)(1)(B) because, in Pollack's absence, Defendants "will be left subject to a substantial risk of incurring 'inconsistent obligations because of'" Pollack's interest in this action. Defs.' Mot. for Joinder 3; *see* Fed. R. Civ. P. 19(a)(1)(B). But Plaintiff correctly rebuts Defendants' argument. *See* Pl.'s Opp'n to Defs.' Mot. for Joinder 4, ECF No. 28. Rule 19(a)(1)(B) applies only where the non-party to be joined "claims an interest relating to the subject of the action." Fed. R. Civ. P. 19(a)(1)(B); *see McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 951 (4th Cir. 2020); *Sunbelt Rentals Inc.*, 2020 WL 5522997, at *2 ("It is well established that where the absent party has not claimed an interest, Rule 19(a)(1)(B) does not apply. . . . [it] does not apply when a defendant attempts to assert an interest on an absent party's behalf."). Pollack has not claimed any interest relating to the subject of this action. Therefore, Rule 19(a)(1)(B) does not apply here.

4

(contending that Pollack's absence "will not impair or impede Defendants from present[ing] any defense").

Pollack must be joined to this action under Rule 19 if he is a "necessary" party. *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 433–434 (4th Cir. 2014). Because Rule 19(a)(1)(B) is inapplicable here, *see supra* n.2, Pollack is "necessary" only if the Court cannot "accord complete relief among [the] existing parties" in his absence. Fed. R. Civ. P. 19(a)(1)(A). "Complete relief is any relief that will effectively and completely adjudicate the dispute." *Sunbelt Rentals Inc.*, 2020 WL 5522997, at *2 (quoting *Pettiford v. City of Greensboro*, 556 F. Supp. 2d 512, 518 (M.D.N.C. 2008)) (internal quotation marks omitted). It "refers to relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." *United States v. Arlington Cty., Va.*, 669 F.2d 925, 928 (4th Cir. 1982) (quoting 3A James Wm. Moore et al., Moore's Federal Practice ¶ 19.07-1(1)). Thus, Rule 19(a)(1)(A) "stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the court." Fed. R. Civ. P. 19 advisory committee's note to 1966 amendment; *see also Arlington Cty.*, 669 F.2d at 929 (explaining that Rule 19(a)(1) authorizes joinder "if feasible where [the non-party's] absence precludes 'complete relief . . . among those already parties'").

The Court can "accord complete relief among [the] existing parties" without joining Pollack to this action. Defendants and Pollack are potential joint tortfeasors. "To state a cause of action for legal malpractice under Virginia law, plaintiff must show (1) the existence of an attorney-client relationship giving rise to a duty; (2) the breach of that duty by the attorney; and (3) damages proximately caused by the breach." *Jones v. Link*, 493 F. Supp. 2d 765, 771 (E.D. Va. 2007) (citing *Rutter v. Jones, Blechman, Woltz & Kelly, P.C.*, 568 S.E.2d 693 (Va. 2002));

5

*accord Williams v. Joynes*, 677 S.E.2d 261, 264 (Va. 2009). Although the parties do not allege that Defendants and Pollack represented Plaintiff at the same time or otherwise worked in conjunction with each other, the parties' differing theories of liability and allegations raise issues as to whether Defendants and Pollack may have both contributed to a single injury that Plaintiff allegedly incurred when she signed her divorce settlement agreement. Plaintiff alleges that she was harmed when Defendants, after a string of discovery failures and other improper conduct, "strong-armed [her] into taking a settlement that she strongly opposed." Compl. ¶ 49; *see also id.* ¶¶ 27–51. Defendants attribute at least some of that conduct, pertaining to discovery failures, to Pollack. *See* Mot. for Joinder 4.

Virginia law recognizes persons who contribute to a single injury as joint tortfeasors. *See Sullivan v. Robertson Drug Co., Inc.*, 639 S.E.2d 250, 255 (Va. 2007) (discussing the right of contribution against joint tortfeasors under Virginia law and explaining that "[t]he party seeking contribution has the burden of proving that the concurring negligence of the other parties was a proximate cause of the injury for which damages were paid"). "If separate and independent acts of negligence of two parties directly cause a single indivisible injury to a third person, either or both wrongdoers are responsible for the whole injury." *Id.*

Even if the parties' divergent versions present allegations that Defendants' and Pollack's acts of malpractice caused Plaintiff's injuries, "it has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) (citing *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 329–30 (1955); *Bigelow v. Old Dominion Copper Mining & Smelting Co.*, 225 U.S. 111, 132 (1912)). In *Temple*, a medical malpractice action, the defendant medical device manufacturer moved the district court, pursuant to Rule 19, to join the hospital and doctor who had performed the

procedure to install the device that caused plaintiff's injury. 498 U.S. at 5–6. The district court joined the hospital and doctor in the interest of efficiency, reasoning that each of the three would-be defendants was likely to point its finger at the others in defense. *Id.* at 6. The Supreme Court reversed. *Id.* at 7. Although the manufacturer, hospital, and doctor were "potential joint tortfeasors," the Court held that the hospital and doctor were merely permissive parties who should not have been involuntarily joined to the action. *Id.* (citing Fed. R. Civ. P. 19 advisory committee's note to 1966 amendment (acknowledging "settled authorities holding that a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability")). *See also Hill v. Mallinckrodt LLC*, No. 1:19cv532, 2020 WL 956589, at *2 (M.D.N.C. Feb. 27, 2020) (rejecting defendant's "it was them, not me" argument despite the fact that it could "prove to be a meritorious defense" because it could "easily be raised without joining the [potential joint tortfeasors] as parties"); *Iraheta v. Lam Yuen, LLC*, No. DKC 12-1426, 2012 WL 5995689, at *5–6 (D. Md. Nov. 29, 2012) (concluding, where plaintiff may have been "employed by more than one employer at the same time," but chose to name only one as a defendant, that the second employer was a joint tortfeasor who was not a necessary party under Rule 19); *Sky Cable, LLC v. Coley*, No. 5:11cv48, 2012 WL 1016112, at *9 (W.D. Va. Mar. 23, 2012) ("It may well be that [the absent party] is a joint tortfeasor in this action. But it is well settled that Rule 19 does not require the mandatory joinder of joint tortfeasors and coconspirators.").

      Considering these authorities, I conclude that under the parties' differing theories and allegations, Pollack may be a joint tortfeasor, but this status does not make him a "necessary" party to this action under Rule 19.[3] Defendants may well argue, as part of their defense, that

---

[3] As a potential joint tortfeasor, Pollack is not a "necessary" party to this action under Rule 19. *Temple*, 498 U.S. at 8. Accordingly, I need not consider whether he is "indispensable." *Id.*; *see also Schlumberger*

Pollack caused Plaintiff's injuries in whole or in part. But Pollack need not be joined as a party to this action for them to develop and present that defense.

IV. Conclusion

For the foregoing reasons, Defendants' Motion for Joinder, ECF No. 23, is hereby DENIED.

It is so ORDERED.

ENTER: May 4, 2021

Joel C. Hoppe
United States Magistrate Judge

---

*Indus., Inc. v. Nat'l Sur. Co.*, 36 F.3d 1274 (4th Cir. 1994) ("Only necessary persons can be indispensable[.]").